UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>            v.<br><br>MICHAEL V. CHHABRA, et al.,<br><br>                    Defendants. | Civil Action No. 24-02561 (CRC) |

**JOINT RULE 26(f) REPORT**

Plaintiff Securities and Exchange Commission (the "Commission") and Defendants Michael V. Chhabra ("Michael Chhabra"), Vineet K. Chhabra, aka Vincent K. Chhabra ("Vineet Chhabra"), Tort Fund LLC, Tort Fund SPV1, LLC ("Tort Fund SPV1") and Tort Fund SPV2, LLC ("Tort Fund SPV2") (collectively, "Defendants") jointly submit this report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Civil Rule 16.3(d). The parties' proposed Scheduling Order accompanies this report as Exhibit A.

   A.   PLAINTIFF'S STATEMENT OF THE CASE/STATUTORY BASIS

From April 2019 and through at least September 2020, Defendants Michael Chhabra and his father, Vineet Chhabra, through entities they controlled -- Defendants Tort Fund LLC, Tort Fund SPV1 and Tort Fund SPV2 -- engaged in a fraudulent scheme to misappropriate money from investors by promising returns and interest or profits from lending money to law firms to finance mass tort litigation. Defendants falsely claimed that Tort Fund LLC was actively partnering with law firms to provide litigation financing when it was not. Defendants also misled investors about

the safety and security of the investments by claiming, among other things, that the investments were collateralized and UCC1-secured when they were not. The Chhabras fraudulently induced three investors to purchase $125,000 in securities and then misappropriated much of the money they raised for their personal use. By engaging in the conduct described herein, Defendants violated, and unless enjoined will continue to violate, Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)] and Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

      B.      DEFENDANTS' STATEMENT OF THE CASE/STATUTORY BASIS

In Spring 2019, Michael Chhabra began a startup business with a novel litigation-finance model that integrated: (1) his father, Vineet's, experience in locating potential plaintiffs for mass tort (products liability) actions; (2) his co-ownership of a plaintiff-engaging law firm ("PELF"); and (3) others' interest in financing— at risky but for potentially high returns— the fund manager's operations and the PELF's plaintiff-engagement activities. (The Chhabras had succeeded in locating plaintiffs in litigation involving injuries from vaginal-mesh products.) The funding entities (SPVs) would loan (and did loan) funds to the PELF, which, in turn, contracted Vineet Chhabra's plaintiff-finding firm. After the PELF had a critical mass of potential plaintiffs, it would partner with one or more LLFs to commence actions and share recoveries, if any, that followed, and the recoveries would pay the PELF's notes to the SPVs. In mid-July, 2019, one individual, aware that he was the first to finance SPV1, purchased $50,000 ownership in SPV1. In late Fall of 2019, two others loaned SPV2 $75,000 in total. The COVID shut-down, however, destroyed the momentum in operations of the fund manager and the PELF, and the startup ultimately failed. The co-owner and lenders knew or had reason to know that: (1) business structure was ' high-risk-high-

return; (2) it had just started; and (3) it was not like the standard financing of ongoing litigation but funding for future litigation.

    C.    <u>RULE 16.3(c) TOPICS</u>

        1.    <u>Dispositive Motions</u>:  No dispositive motions have been filed.  Both parties may file motions for summary judgment after the close of discovery.

        2.    <u>Joinder of Parties/Stipulations</u>:  The parties propose that the deadline for filing motions to join additional parties or amend the pleadings be December 26, 2024.  The parties anticipate that after the close of discovery it may be possible to narrow the factual issues by stipulation.

        3.    <u>Assignment To Magistrate Judge</u>:  The parties do not consent to the assignment of this case to a magistrate judge.

        4.    <u>Possibility of Settlement</u>:  The parties have engaged in pre-filing settlement discussions.  The parties are open to further settlement discussions as discovery proceeds.

        *5.*    <u>Alternative Dispute Resolution</u>:  The parties believe that this case might be appropriate for mediation at an appropriate time, possibly prior to the start of depositions or after the close of discovery.

        6.    <u>Additional Dispositive Motions</u>:  The Scheduling Order proposed by the parties provides that motions for summary judgment must be filed no later than October 3, 2025.

        7.    <u>Initial Disclosures</u>:  The proposed Scheduling Order provides that Initial Disclosures pursuant Rule 26(a)(1) are to be made by January 6, 2025.  The parties are not proposing any changes to the requirements of Rule 26(a)(1) regarding the scope or form of Initial Disclosures.

8. <u>Discovery Plan</u>:  Following the exchange of Initial Disclosures, the parties anticipate that all discovery should conclude by August 1, 2025.  The parties propose February 28, 2025 as the deadline to exchange all written discovery.  All depositions shall be conducted by August 1, 2025.   The parties further propose that the number of depositions that may be taken by the Commission or by the Defendants without leave of Court or stipulation of the parties be increased from five to ten for each side.

9. <u>ESI</u>:  The parties will agree on the form of production for ESI.

10. <u>Privilege Issues</u>:  The parties do not anticipate any need for a separate order regarding any privilege or protection.

11. <u>Expert Reports</u>:  The parties do not anticipate the need for expert discovery.

12. <u>Class Actions</u>:  Not applicable.

13. <u>Bifurcation of Trial</u>:  The parties do not propose any bifurcation of trial.

14. <u>Pretrial Conference</u>:  The parties propose a pretrial conference date of December 15, 2025.

15. <u>Trial Date</u>:  The parties propose that trial be scheduled for February 2, 2026 or the earliest available date thereafter.

16. <u>Other matters</u>:  None.

Dated:  November 27, 2024

Respectfully submitted,

SECURITIES AND EXCHANGE COMMISSION

 /s/ *Gregory R. Bockin*
Gregory R. Bockin (DC Bar No. 450885)
Kara F. Sweet
Judson T. Mihok
Kingdon Kase
Patricia A. Kuzma Trujillo

4

Philadelphia Regional Office
1617 JFK Blvd., Suite 520
Philadelphia, PA 19103
(215) 597-3100
(215) 597-2740 (fax)
bocking@sec.gov
sweetk@sec.gov
mihokj@sec.gov
kasek@sec.gov
trujillop@sec.gov

*Counsel for Plaintiff*
*Securities and Exchange Commission*

and

SECIL LAW PLLC

/s/ Lionel André
Lionel André (DC Bar No. 422534)
Cory Kirchert (DC Bar No. 90002687)
Adriaen M. Morse Jr. (DC Bar No. 483347)
1701 Pennsylvania Ave., N.W., Suite 200
Washington, D.C. 20006
landre@secillaw.com
(703) 232-4622
ckirchert@secillaw.com
(202) 417-7052
amorse@secillaw.com
(202) 417-8232

*Counsel for Vineet K. Chhabra, Michael V.*
*Chhabra, Tort Fund LLC, Tort Fund SPV1, LLC*
*and Tort Fund SPV2, LLC*

.

5